**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1053

CLAUDIA GUARDADO-GARCIA,

    Petitioner,

  v.

LORETTA E. LYNCH, Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 29, 2016  Decided: November 4, 2016

Before GREGORY, Chief Judge, and MOTZ and WYNN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John W. Blakeley, Assistant Director, Enitan O. Otunla, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Claudia Yesenia Guardado-Garcia, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the Immigration Judge's denial of her requests for asylum, withholding of removal and protection under the Convention Against Torture.

Guardado-Garcia first asserts that the Board erred in finding that she failed to identify her proposed particular social groups before the IJ, and in declining to consider them on appeal. Upon review, we find no error in the Board's determination that Guardado-Garcia failed to raise her specific social groups before the IJ. We therefore lack jurisdiction to consider any claim based on the potential social groups, as they were not properly exhausted before the agency. See 8 U.S.C. § 1252(d)(1) (2012); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)). We accordingly dismiss the claim for lack of jurisdiction.

Guardado-Garcia next contends that the agency erred in finding that she failed to otherwise establish eligibility for asylum, withholding of removal or protection under the Convention Against Torture. We have thoroughly reviewed the

2

record and conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, see 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Accordingly, we deny the petition for review in part for the reasons stated by the Board. See In re Guardado-Garcia (B.I.A. Dec. 16, 2015).

We therefore dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

3